The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
**********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement dated August 12, 1996 and at the hearing on February 1, 1997 as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Zurich American Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $240.00, which yields a compensation rate of $160.01 per week.
5. The plaintiff was terminated by the defendant-employer, effective April 30, 1996.
6. The issues for determination are:
 a. Whether the plaintiff sustained an injury by accident arising out of and in the course of her employment on August 7, 1995, and if so, to what benefits may she be entitled under the Act.
 b. Whether the plaintiff refused to accept suitable employment.
7. The parties stipulated the following medical reports into the record:
 a. Health South Sports Medicine Rehabilitation, four pages,
b. Work Hardening Report, four pages,
c. Statesville Orthopaedic Clinic, five pages,
d. Iredell Memorial Hospital, thirty-seven pages,
e. General Medical Associates, twenty-one pages,
f. Catawba Orthopaedic Associates, fourteen pages.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The plaintiff was employed as a rehabilitation technician with the defendant-employer from July 9, 1993 though April 30, 1996, where her duties included caring for six clients in a home for handicapped and disabled persons. The plaintiff was fifty-four years old, with a high school diploma, and prior work experience in child care, clothing, and as a seamstress.
2. On August 7, 1995, the plaintiff sustained an injury by accident arising out of and in the course of her employment when she slipped and fell on the floor. The plaintiff reported the injury, and an accident report was prepared. The plaintiff was seen at General Medical Associates by Dr. Castiglia, who diagnosed her with a lumbar sprain and released her to return to work the following day with no bending or heavy lifting until her August 10, 1995 follow-up appointment.
3. After a period of light duty, the plaintiff was released to full duty with no restrictions on August 18, 1995.
4. After complaints of continued back pain, the plaintiff was referred to Dr. Robert Saltzman of Statesville Orthopaedic Clinic on August 24, 1995. Despite an examination in which the plaintiff had a negative straight leg raising test, the plaintiff was admitted to Iredell Memorial Hospital for pain control due to her exaggerated pain behavior.
5. Dr. Saltzman released the plaintiff to return to work with no restrictions on September 11, 1995. However, the plaintiff telephoned Dr. Saltzman to advise that she was afraid to return to work due to her back pain. An appointment was set for September 13, 1995; however, the plaintiff did not keep the appointment, as it conflicted with her appointment with her hairdresser.
6. The plaintiff requested an out of work note from Dr. Saltzman, which he refused to provide. She was scheduled for injections in both hips, and again released to full duty work.
7. On September 21, 1995, the plaintiff returned to Dr. Saltzman with complaints of pain, which Dr. Saltzman found to be non-physiologic in nature. An MMPI and FCE were ordered.
8. The plaintiff underwent a functional capacity evaluation on October 5, 1995 at Health South Rehabilitation, which revealed mild to moderate symptom magnification by the plaintiff.
9. The plaintiff was again released by Dr. Saltzman to full duty work on October 20, 1995, and no further treatment was recommended.
10. The plaintiff sought treatment on January 18, 1996 from Dr. Alfred Geissele of Catawba Orthopaedic Specialists. An examination revealed plaintiff had a near normal range of motion, and that she displayed grimaces and utterances during the testing. All neurological tests were negative. Dr. Geissele recommended a work hardening program.
11. On March 1, 1996, Dr. Geissele found plaintiff capable of returning to work with a thirty pound lifting restriction, as well as limitations to not engage in repetitive bending or twisting. He further noted that the plaintiff would require assistance in controlling and restraining violent patients.
12. On March 14, 1996, the plaintiff was referred to Dr. Liljeburg of Catawba Orthopaedic Specialists due to complaints of right knee pain.
13. On March 15, 1996, the plaintiff met with Jamie Otey-Diaz, facility administrator with the defendant-employer, and Aquilla Freeman, manager of the Fanjoy II home, in order to review plaintiff's duties at the home.
14. The plaintiff was offered a job as a rehabilitation technician at the same salary and shift. However, she was offered another home, due to the fact that the Fanjoy II home had another employee on the third shift who would be available to assist the plaintiff.
15. The plaintiff's duties at the Fanjoy II home would include cleaning the bathroom, kitchen, living room, bedrooms, refrigerators, washing the laundry, cleaning the oven, and supervising clients in the sweeping and mopping of the floors and bathrooms. These duties were not performed on a nightly basis.
16. Following the meeting, the plaintiff telephoned in on March 15, 1996 to advise that she would not be reporting to work. On March 20, 1996, she was again scheduled to work; and the plaintiff telephoned in to advise that her legs and knees were hurting and that she could not report to work.
17. On March 21, 1996, the plaintiff called in and advised that she could not come to work until she spoke to her doctor and her lawyer. Ms. Otey-Diaz advised the plaintiff that she would need to bring a doctor's note. However, the plaintiff refused to bring a note or to report to work.
18. The plaintiff failed to report to work on two additional nights, and a meeting was set for April 2, 1996 to discuss her employment. The meeting was canceled after the plaintiff fired Robert Brown, who was her attorney of record at that time.
19. On April 25 or 26, 1996, the plaintiff was advised that she was expected to report to work on May 1, 1996. However, the plaintiff did not report to work, and contended that she was unable to work due to bowel problems.
20. Dr. Geissele found plaintiff to be at maximum medical improvement, retaining a five percent permanent partial impairment to her back.
21. During the course of plaintiff's claim, she has been represented by Edwin Pressly of Statesville from October of 1995 through March 26, 1996, at which time he was awarded a fee of twenty-five percent as a result of the temporary total disability compensation paid to plaintiff through February 2, 1996. The plaintiff was represented by Ken Harris of Todd, Parham Harris of Charlotte during November of 1995. On March 21, 1996, Robert Brown of Ken Wayne and Associates of Charlotte, filed notice of representation of plaintiff. On June 7, 1996, the plaintiff retained Deborah Brinton of Mooresville, whose services were terminated on January 13, 1997, and who requested a fee at such time as her motion to withdraw was filed.
22. The plaintiff unjustifiably refused to accept work suitable to her work restrictions on March 1, 1996.
23. The plaintiff has not sought any other employment since her unjustified refusal to accept suitable work on March 1, 1996.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has failed to carry the burden of proof to establish that she is entitled to additional temporary total disability compensation beyond February 2, 1996 after defendants have successfully rebutted the presumption of disability with medical evidence to establish that the plaintiff was released to return to work and further that suitable work had been offered to plaintiff. G.S. § 97-29; Hilliard v. Apex CabinetCompany, 305 N.C. 593, 290 S.E.2d 682 (1982).
2. The plaintiff sustained an injury by accident arising out of and in the course of the employment on August 7, 1995, as a result of which the defendants paid benefits through February 2, 1996. G.S. § 97-2(6).
3. The plaintiff is entitled to temporary total disability benefits at the rate of $160.01 per week for the period from February 3, 1996 through February 29, 1996. G.S. § 97-29.
4. The plaintiff is entitled to permanent partial disability compensation at the rate of $160.01 per week for fifteen (15) weeks as a result of the five percent rating to the back. G.S. § 97-31.
5. Edwin A. Pressly and Deborah G. Brinton are entitled to an attorney's fee in the amount of twenty-five percent of the compensation awarded to plaintiff. Mr. Pressly shall be entitled to an award for the temporary total disability compensation, as well as a portion of the permanent partial compensation. Ms. Brinton shall be entitled to a share of the fee generated by virtue of the permanent partial compensation only.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commissioner affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay temporary total disability compensation to the plaintiff at the rate of $160.01 per week for the period from February 3, 1996 through February 29, 1996. Such compensation has accrued and shall be paid in a lump sum.
2. Subject to a reasonable attorney's fee herein approved, the defendants shall pay permanent partial disability compensation at the rate of $160.01 per week for fifteen (15) weeks.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraphs 1 and 2 above is hereby approved to be deducted from sums due plaintiff and paid directly to Edwin A. Pressly and Deborah G. Brinton.
4. Defendants shall pay the costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER